UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

MURVET SARI KANBUR, as Class Representative, LUTFU KANBUR, as Class Representative, MURVET SARI KANBUR, Individually, and LUTFU KANBUR, Individually,

                              Plaintiffs,

—*against*—

CITIBANK, N.A.,

                              Defendant.

24 Civ. 1684

**NOTICE OF REMOVAL**

      Defendant Citibank, N.A. ("Citibank") hereby removes the above-captioned action pending in the Supreme Court, Queens County (Index No. 703321/2024), to the United States District Court for the Eastern District of New York, pursuant to 28 U.S.C. §§ 1331, 1332(d), 1367, 1441, 1453 and 1446, and as grounds for removal state as follows:

      1.      The Complaint and Amended Complaint filed in the Supreme Court, Queens County are attached as Exhibits A and B, respectively. *See* 28 U.S.C. 1446(a).

      2.      The docket of the state court action is attached hereto as Exhibit C.

      3.      In brief summary, the plaintiffs Murvet Sari Kanbur and Lutfu Kanbur ("Plaintiffs") bring a putative class action accusing Citibank of failing to adequately protect customers from fraudsters who access their accounts electronically and make unauthorized wire transfers, including by failing to refund customers for their losses. Citibank denies the allegations.

      4.      The case is removable (i) because it assets federal claims and (ii) because it meets the removability requirements under the Class Action Fairness Act of 2005 ("CAFA"), Pub. L.

109-2, § l(a), 119 Stat. 4 (Feb. 18, 2005) (codified as amended in 28 U.S.C. § 1332(d) and 1453)).

I. **FEDERAL QUESTION JURISDICTION**

5. This Court has "original jurisdiction" over the state court action for purposes of 28 U.S.C. §§ 1331 and 1441 because the case arises under the Electronic Fund Transfer Act, 15 U.S.C. § 1693 *et seq*. (the "EFTA") and its associated Regulation E. While the causes of action are created by state law (such as common law fraud and negligence), there is nonetheless federal question jurisdiction because the allegations "necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities.'' *Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.*, 545 U.S. 308, 314 (2005).

6. Specifically, the Amended Complaint raises the substantial federal question of whether the EFTA and Regulation E apply when scammers infiltrate the bank accounts of Citibank's customers to send fraudulent wires. Plaintiffs allege that the EFTA *does* apply but that Citibank "refus[es] to adhere to the EFTA's investigation, provisional credit, and reimbursement requirements" (Ex. B ¶ 119), so as to make the victims whole. In an apparent effort to avoid federal court, Plaintiffs cast the alleged EFTA violations as fraud and negligence. (*E.g.*, *id*. ¶¶ 290(b), 295(b) (alleging within the causes of action for fraud and negligence that Citibank "fail[ed] to provisionally credit consumers' bank accounts").

7. A court in the Southern District of New York asserted jurisdiction over similar nominally state-law claims brought against Citibank because "[c]onstruction of EFTA [was] necessary to resolution of the claims." *State of N. Y. by Abrams v. Citibank, N.A.*, 537 F. Supp. 1192, 1197 (S.D.N.Y. 1982). The same is true here. *See also Broder v. Cablevision Sys. Corp.*, 418 F.3d 187, 195 (2d Cir. 2005) (holding that there was federal jurisdiction over N.Y. Gen. Bus.

L. § 349 claims premised on alleged violations of federal statute relating to cable subscription rates).

8. While Plaintiffs allege additional non-EFTA based claims under state law, a "single claim over which federal question jurisdiction exists is sufficient to allow removal," *id*. at 194, and so the EFTA allegations alone justify removal. This Court has supplemental jurisdiction over the state law claims included in the Complaint. *See* 28 U.S.C. § 1367.

## II. REMOVAL UNDER THE CLASS ACTION FAIRNESS ACT

9. The case is independently removable under CAFA. Generally, as set forth in 28 U.S.C. § 1332(d)(2), CAFA confers original federal jurisdiction over "any class action involving (1) 100 or more class members, (2) an aggregate amount in controversy of at least $5,000,000, exclusive of interest and costs, and (3) minimal diversity, *i.e*., where at least one plaintiff and one defendant are citizens of different states." *Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 56 (2d Cir. 2006). These elements are met here.

10. First, the case is expressly brought as a class action under N.Y. CPLR 901. (*See* Ex. B ¶ 21.) The putative class would clearly have more than 100 members because—while Plaintiffs do not estimate the size of the class or even precisely define the class—Plaintiffs are purporting to represent a class of similarly situated Citibank customers who are the victims of online wire fraud scams, and who have lost "millions." (*Id*. ¶¶ 4, 14.) Citibank is a national bank with over 600 branches across the country, and Plaintiffs point out that it has over "$400 billion in consumer deposits." (*Id*. ¶ 18.) The putative class is alleged to be "so numerous that joinder of all members . . . is impracticable." (*Id*. ¶ 21.) The Complaint does not purport to limit the class in any way beyond those that are "similarly situated" to Plaintiffs—that is, all victims of online wire scams occurring in Citibank accounts. Therefore, it is a virtual certainty that the putative class would have at least 100 members. The allegations on this point are at least "plausible,"

which is all that is required in a Notice of Removal. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

11. Second, for similar reasons, the amount in controversy is at least $5 million. Plaintiffs do not specify the damages sought, but claim it is in the "millions" (*id*. ¶ 4), and provide 10 example transactions that by themselves total alleged losses of over $300,000. (*Id*. ¶¶ 122-260.) Plaintiffs seek an unspecified amount of punitive damages, which may also be considered "in determining whether CAFA's jurisdictional amount requirement is met." *Abdale v. N. Shore-Long Island Jewish Health Sys, Inc*., 13 Civ. 1238, 2014 WL 2945741, at *5 (E.D.N.Y. June 30, 2014). While Citibank denies all liability, it is quite evident—and certainly "plausible," *Dart*, 574 U.S. at 89—that the amount at issue exceeds $5 million.

12. Third, the minimal diversity requirement is met. Plaintiffs allege they are New York residents. (Ex. B ¶ 17.) Citibank is a national banking association that, as the Complaint acknowledges, is located in South Dakota. (*Id*. ¶ 18.) *See also Citibank (South Dakota), N.A*., 517 U.S. 735, 737-38 (1996) (recognizing that Citibank is a national bank and its home state is South Dakota); OCC Interpretive Letter No. 452, 8 No. I OCC Q.J. 77, 1989 WL 451256, at *1 (Apr. 11, 1989) (confirming that Citibank's home state is South Dakota).

### III. TIMELINESS AND VENUE

13. This Notice of Removal is timely filed because it is not being filed more than thirty days after service. *See* 28 U.S.C. § 1446(b). The Complaint was filed on February 12, 2024, and Citibank was served on February 15, 2024. Thus, removal is timely.

14. Venue is proper in this Court and division because the United States District Court for the Eastern District of New York is the "district and division within which [the state] action is pending." *Id*. § 1446(a).

Dated: New York, New York
       March 6, 2024

STEPTOE LLP

By: */s/ Charles Michael*
    Charles Michael
    1114 Avenue of the Americas
    New York, New York 10036
    (212) 506-3900
    cmichael@steptoe.com

*Counsel for Citibank, N.A.*